UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FIRST SALES LLC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:18-CV-22-WCL-PRC |
| | ) |
| WATER RIGHT, INC., | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff First Sales LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing this litigation in federal court. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff and Defendant Water Right, Inc. must be citizens of different states, and the amount in controversy must be more than $75,000. Plaintiff has alleged a sufficient amount in controversy. The allegations are insufficient as to the citizenship of Plaintiff and Defendant.

The Complaint alleges only that Plaintiff is "a domestic limited liability company organized under and existing under the laws of the state of Indiana." (Compl. ¶ 1, ECF No. 1). This allegation is insufficient for the purpose of determining citizenship. For limited liability companies, the state whose laws under which the company was organized is not used to determine citizenship. A limited

liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, Plaintiff must also plead the citizenship of those members as of the date the complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Plaintiff must allege the citizenship of Plaintiff's members, members of members, and so forth, tracing through all layers of ownership.

Next, Plaintiff alleges that Defendant is "a Wisconsin corporation which maintains its business operations [in Appleton, Wisconsin]." (Compl. ¶ 2, ECF No. 1). A corporation takes its citizenship from its state of incorporation and from the state where its *principal place of business* is located. 28 U.S.C. § 1332(c)(1). Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must allege Defendant's principal place of business and not only the location of business operations.

Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **February 20, 2018**, a supplemental jurisdictional statement that properly alleges the citizenship of all of the parties as stated above.

SO ORDERED this 6th day of February, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT